| | |
|---|---|
| **DISTRICT COURT, ADAMS COUNTY, COLORADO**<br>1100 Judicial Center Drive<br>Brighton, CO 80601<br> 303-659-1161 | DATE FILED: January 26, 2021 12:38 PM<br>FILING ID: 20D9C2424E274<br>CASE NUMBER: 2021CV30095 |
| Plaintiff: **TERRY FRAZIER**<br><br>v.<br><br>Defendant: **JOSUE ALVARADO AND STEVENS TRANSPORT** | **COURT USE ONLY** |
| **Attorneys for Plaintiff:**<br>Nathan T. Mattison, #38627<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: nmattison@dlslawfirm.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

The Plaintiff, Terry Frazier, by and through his counsel at the Law Offices of Dianne Sawaya, LLC, states and alleges for his Complaint against Defendants Josue Alvarado and Stevens Transport, as follows:

### IDENTIFICATION OF PARTIES

1. Upon information and belief, at all times relevant hereto, Terry Frazier (hereinafter "Plaintiff"), was and is a resident of the State of South Carolina, with an address of 2288 Davidson Tower Road Early Branch, SC 29916.

2. Upon information and belief, at all times relevant hereto, Defendant Jose Alvarado (hereinafter "Defendant Alvarado'), was and is a resident of the State of Texas, with an address of 342 W. Harding Blvd., San Antonio, TX 78221.

3. Upon information and belief, at all times relevant hereto, Defendant Stevens Transport (hereinafter "Defendant Stevens'), was and is a foreign corporation with its principal address located at 9757 Military Parkway Dallas, Texas, 75227.

1



## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

5. Venue is proper pursuant to C.R.C.P. 98(c), because the incident alleged below occurred within Adams County, Colorado.

## GENERAL ALLEGATIONS

6. The incident giving rise to this action occurred on February 2, 2018 at 12:30 a.m., when Plaintiff, was asleep in the sleeper cabin of his 2015 Kenworth semi-truck at the Travel Center on Quebec Street north of Interstate 70 in Commerce City, Colorado. Defendant Alvarado was driving Defendant Stevens 2018 Freight-liner semi-truck, when he attempted to back into a parking spot next to Plaintiff, when the rear passenger side of the trailer struck the driver side mirror and sidestep of Plaintiff's truck, causing an unavoidable collision with Plaintiff in Commerce City, Colorado, County of Adams.

7. The collision caused damage to both vehicles.

8. The State of Colorado Traffic Accident Report completed by N. Archuleta of the Commerce City Police Department notes that your insured was cited for the following violation:

- **Unsafe Backing**

9. As a direct and proximate result of Defendant's negligence, giving rise to this action, Plaintiff has incurred reasonable and necessary medical expenses.

10. As a direct and proximate result of Defendant's negligence, giving rise to this action, Plaintiff suffered physical injuries, pain and suffering, emotional distress, disability, loss of enjoyment of life, and sustained costs of transportation to and from medical providers, as well as other economic damages and non-economic damages.

11. At the date and time of the accident, giving rise to this action, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

12. At the date and time of the accident, Plaintiff did not suffer from any pre-existing physical conditions, which in any way contributed to his injuries, damages, or losses.

13. At all times relevant here within, Plaintiff mitigated his damages.

14. Plaintiff is the proper party to bring this claim.

## FIRST CLAIM FOR RELIEF
(Negligence against Defendant **Josue Alvarado**)

15. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

16. At approximately 12:30 a.m., on or about February 2, 2018, Defendant was a driver of a 2018 Freightliner truck in Commerce City when he negligently, carelessly, while not properly observing behind him, hit Plaintiff's vehicle backing into the parking space next to Plaintiff, thereby injuring Plaintiff, requiring treatment by medical professionals.

17. Defendant owed Plaintiff a duty to exercise reasonable care in the operation of a motor vehicle.

18. Defendant breached his duty to exercise reasonable care in the operation of a motor vehicle by negligently and carelessly operating the aforementioned vehicle in the following respects:

    a. Driving negligently;
    b. Driving carelessly;
    c. Failing to operate the stated vehicle in such a way so as to avoid colliding with other people; and
    d. Generally operating the stated vehicle in a negligent and careless manner

19. As a direct and proximate result of the negligence of Defendant, as described above, Plaintiff has incurred past and future economic losses, which include but are not limited to the loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past and future medical expenses including, but not limited to, emergency room, physician, chiropractic, physical therapy, injections, prescription medications, and other costs/expenses.

20. As the direct and proximate result of the negligence of Defendant, as described above, Plaintiff has suffered permanent physical impairment and/or disfigurement, as well as past, present, and future pain and suffering, loss of the value of her time, loss of enjoyment of life, inconvenience and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

21. Accordingly, Plaintiff seeks both general and special damages from Defendant as a foreseeable consequence of the injuries and damages suffered as a result of Defendant's negligence on the occasion in question, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

## SECOND CLAIM FOR RELIEF
(Negligence *per se* Against Defendant **Josue Alvarado**)

22. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and

incorporates the same herein by reference as though set forth in full.

23. Defendant's conduct during the above described collision was in violation of <u>C.R.S. § 42-4-604</u>, and the Careless Driving Statute, <u>C.R.S. § 42-4-1401,</u> the Reckless Driving Statute, <u>C.R.S. §42-4-703(3)</u>, Unsafe Backing. These violations amount to negligence *per se*.

24. Plaintiff suffered the type of harm designed to be protected by the applicable Colorado Revised Statutes and Plaintiff is within the class of persons designed to be protected by the applicable Colorado Revised Statutes.

25. Defendant's conduct was in derogation of applicable Colorado Statutes and, therefore, constitutes negligence *per se*.

26. As a direct, foreseeable and proximate result of the negligence *per se* of Defendant, as described above, Plaintiff incurred past and future economic losses which include but are not limited to loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past and future medical expenses including, but not limited to, emergency room, physician, chiropractic, physical therapy, injections, prescription medications, and other costs/expenses.

27. As the direct, foreseeable and proximate result of the negligence *per se* of Defendant, as described above, Plaintiff suffered permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, inconvenience and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

28. Accordingly, Plaintiff seeks both general and special damages from Defendant as a reasonably foreseeable consequence of the injuries and damages suffered as a result of Defendant's negligence *per se* on the occasion in question, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

## THIRD CLAIM FOR RELIEF
(*Respondeat Superior* against Defendant Stevens Transport)

29. Plaintiffs repeat and re-allege each and every previous allegation of the Complaint and incorporates the same herein by reference as though set forth in full.

30. Upon information and belief, the Defendant Alvarado was employed by Defendant Stevens at all time relevant to the conduct at issue herein.

31. Upon information and belief, the Defendant Alvarado was acting within the course and scope of his employment with Defendant Stevcns at all times relevant to the conduct at issue herein.

32. Upon information and belief, the Defendant Alvarado was acting with the authority of Defendant Stevens.

33. Pursuant to the doctrine of *respondent superior*, Defendant Stevens is legally liable for the injuries, damages, and losses sustained by Plaintiffs as set forth above.

34. As a direct, proximate, and foreseeable result of the negligence of Defendant Stevens, Plaintiffs have suffered physical injuries, physical pain and suffering, loss of enjoyment of life, medical, hospital, doctor bills, essential services, and permanent impairment, permanent disfigurement, permanent disability, past and future, in amounts to be determined at the time of trial.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendant in an amount to fairly compensate the Plaintiff for the injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject accident or as otherwise permitted under Colorado law and for such relief as the Court deems proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss.
(b) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future.
(c) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.
(d) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.
(e) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life.
(f) For interest as provided by statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.

DATED: January 26, 2021.            Respectfully Submitted

**LAW OFFICES OF DIANNE SAWAYA**

*/s Nathan T. Mattison*
Nathan Mattison, Esq.
*For Plaintiff*